```
         ___ FILED      ___ ENTERED
         ___ LODGED     ___ RECEIVED

              NOV 30 2001        MR

               AT SEATTLE
           CLERK U.S. DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
      BY                              DEPUTY
```

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES MOURITSEN, resident of the State of Washington,<br><br>Plaintiff,<br><br>vs<br><br>M D. PORTER, an officer of King County Sheriff's Department; OFFICERS II TO XX, officers of King County Sheriff's Department, KING COUNTY, a political subdivision of the State of Washington; KING COUNTY CORRECTIONAL FACILITY, an agency of King County, KING COUNTY SHERIFF'S DEPARTMENT, an agency of King County,<br><br>Defendants | NO **CV01-1939**<br><br>COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS BY OFFICIALS<br><br>[JURY TRIAL DEMANDED] |

Plaintiff alleges.

## INTRODUCTION

1   Plaintiff James Mouritsen brings an action against King County, the King County Sheriff's Department, the King County Correctional Facility, and individual Sheriff's Department Officers and Supervisors (collectively "Defendant Officers"), for damages arising out of incidents of excessive force, false arrest, denial of constitutional rights and common law torts committed by defendants against plaintiff on November 30 and December 1, 1999.



CV 01-1939 #1

1

## JURISDICTION

2. Plaintiff brings this action against defendants for redress of deprivation of rights secured him by the United States Constitution and 42 U S C. Section 1983.

3. Plaintiff is a citizen of the State of Washington. Each individual defendant is, upon information and belief, a citizen of the State of Washington  The matter in controversy exceeds the sum of $100,000, exclusive of interest and costs

4. This Court has jurisdiction over this matter pursuant to 42 U.S.C. Section 1983, other relevant Acts of Congress, and the Constitution of the United States

5. Plaintiff also invokes supplemental jurisdiction of this Court over plaintiff's state claims against defendants for common law violations, as the common law claims form part of the same case or controversy

6. Venue is proper in the Western District of Washington, as all of the acts complained of occurred in King County in Washington.

## PARTIES

7  Plaintiff is a resident of the State of Washington.

8  Defendant M. D. Porter is, upon information and belief, a resident of Washington and an employee of Defendant King County Sheriff's Department, and is sued in his individual and official capacity.

9. Defendants Officers II through XX are, upon information and belief, residents of Washington who, at all times pertinent hereto, were employed by Defendant King County Sheriff's Department or Defendant King County Correctional Facility, and represent unknown Sheriff's Officers or Supervisors who

participated in violating plaintiff's rights Plaintiff intends to discover the identity of such persons. They are sued individually and in official capacities.

10. Defendant King County is a political subdivision of the State of Washington, and operates Defendant King County Sheriff's Department and Defendant King County Correctional Facility pursuant to the laws of the State of Washington

11. At the time of the incident at issue and all times pertinent hereto, the defendants acted under color of law, of a statute, ordinance, regulation, custom, or usage.

12. On or about June 11, 2001, plaintiff provided notice of claims to Defendant King County as required by the Revised Code of Washington chapter 4 96, by delivering to King County a completed notice of claim form This notice set forth the facts underlying plaintiff's claim against King County and its agents To date, plaintiff has received no response to his claim, and no compensation has been offered by King County in response to plaintiff's claim

## FACTS

13 In early evening of November 30, 1999, plaintiff heard unusual noises outside his apartment building, and went out to investigate

14. Plaintiff exited his apartment building onto Pine Street and found a large crowd of individuals gathered in the area of Pine Street between Bellevue Avenue and Melrose Avenue.

15. Plaintiff proceeded west along Pine Street, crossed Melrose Avenue and stood on the sidewalk on the south side of Pine Street Further west along Pine Street, a group of law enforcement officers stood in a line across the street, facing toward the east.

16. Plaintiff stood on the sidewalk, away from the crowd, less than 10 feet from the doorway of the Machiavelli Restaurant, which was open for business at the time.

17  Some law enforcement officers left the line of officers and moved east along Pine Street

18  One officer rapidly approached where plaintiff stood on the sidewalk. The officer was shouting, but the officer's words were obscured by the officer's plastic facemask.

19. Without warning or provocation, the officer harshly struck plaintiff in the chest and shoulder areas, causing plaintiff to stumble backwards. Before plaintiff could regain his balance, the officer struck plaintiff again, and then struck him again, all without warning or provocation.

20. Plaintiff came to a stop near a group of citizens on the sidewalk at the corner of Melrose Avenue and Pine Street after the unprovoked attack. Members of the group of citizens on the sidewalk carried cameras, and plaintiff inquired, "Did anyone get a picture of that?"

21  An officer immediately, without warning, grabbed plaintiff by the back of plaintiff's coat collar and yanked him toward the west again, the direction from which plaintiff had just been knocked away

22. Plaintiff, confused and disoriented by the sudden unprovoked attacks, lost his balance and stumbled forward  The officer continued dragging plaintiff along the sidewalk toward the west

23  Another officer also grabbed plaintiff's coat and assisted the first officer with dragging the plaintiff, face down, along the sidewalk for some 20 feet. An officer pressed plaintiff's face down into the cement while another officer restrained plaintiff's hands harshly with plastic wrist ties, all within view of the citizens gathered in the area and directly in front of the restaurant open for business, where the patrons witnessed the attacks on plaintiff, and his arrest

24. Plaintiff offered no resistance at any time to any of the harsh, unnecessary and unprovoked attacks from the officers.

25. The officers then dragged plaintiff to his feet and led him across Pine Street to where a law enforcement transport vehicle was waiting.

26  Plaintiff, who was then standing peacefully, hands restrained behind his back, waiting for further instruction or explanation as to why he was being mistreated, was subject to verbal abuse by an officer who shouted at plaintiff, "you people did millions of dollars worth of damage today!" Plaintiff denied the unjustified charge

27  An officer took a photograph of plaintiff standing next to King County Sheriff's officer M. D Porter, serial number 14005.

28  Officers placed plaintiff in the back of a transport vehicle; plaintiff's hands were still painfully restrained behind his back and plaintiff sat in the dark in the back of the transport vehicle, uncertain of the reasons for the suffering inflicted upon him or of his eventual fate as an officer drove the transport vehicle around for 30 minutes or longer.

29  Officers transported plaintiff eventually to detention at the former Sand Point Naval Facility.

30. Plaintiff's personal belongings were taken from him and plaintiff was compelled to provide fingerprints and other sensitive personal identification. A medical professional looked at plaintiff's injuries, including a painful large abrasion on his hand, which resulted from being dragged face down on the sidewalk, and which resulted in a permanent scar.

31. Plaintiff was detained for some hours in a large cold holding cell with no furniture, before being transported in shackles to the King County Correctional Facility

32  Plaintiff was subjected to further physical discomfort and humiliation as he was processed into detention at King County Correctional Facility  Plaintiff's clothing were taken from him, additional personal information was gathered from plaintiff, including his federally issued social security number, which was added to the law enforcement records database, and plaintiff was placed in a jail cell at the King County Correctional Facility, where he was held for many more hours before being released in the mid-morning of December 1, 1999, after plaintiff had missed the beginning of his workday

33  Upon information and belief, at all times pertinent hereto, Defendant King County permitted and tolerated a pattern and practice of unreasonable use of force by Defendant King County Sheriff's

Department Officers directed at citizens either lawfully exercising rights of freedom of speech or assembly or directed at citizens wrongfully suspected of having taken part in such gatherings

34  Upon information and belief, Defendant King County and Defendant King County Sheriff's Department has maintained a system of review of officer conduct in relation to large gatherings which is so untimely or cursory as to be ineffective and to permit and tolerate the unreasonable and excessive use of force by officers.

35  Acts, omissions, systemic flaws, policies, and customs of Defendant King County and Defendant King County Sheriff's Department caused officers and agents of King County Sheriff's Department to understand that excessive and unreasonable use of force would not be aggressively, honestly, and fully investigated, with the foreseeable result that officers are more likely to use excessive or unreasonable force against plaintiff and others in the future.

**COUNT I: VIOLATION OF CONSTITUTIONAL RIGHTS**

36  Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 35, inclusive

37  The intentional, willful and excessive use of force against plaintiff by individual Defendant Officers, acting in their individual capacities and acting as officers and agents of Defendant King County, Defendant King County Sheriff's Department and King County Correctional Facility while plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to defendants or

others, violated the rights of plaintiff as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, for which defendant officers are individually liable.

## COUNT II: VIOLATION OF CONSTITUTIONAL RIGHTS
### (Claim for Exemplary Damages)

38. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 37, inclusive

39. The intentional, willful and excessive use of force against plaintiff by Defendant Officers while plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to defendants or others, was done with actual malice toward plaintiff and with willful and wanton indifference to and deliberate disregard for the constitutional rights of plaintiff. Plaintiff is thus entitled to exemplary damages

## COUNT III - VIOLATION OF STATUTORY CIVIL RIGHTS

40 Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 39, inclusive

41. The intentional, willful and excessive use of force against plaintiff by Defendants while plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to defendants or others, was done with actual malice toward plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory civil rights of plaintiff. Plaintiff is entitled to compensatory and exemplary damages for these wrongful acts

## COUNT IV - CONSPIRACY TO VIOLATE CIVIL RIGHTS

42  Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 41, inclusive.

43. Individual Officers and supervisors of Defendants King County, King County Sheriff's Department, and King County Correctional Facility, conspired to violate plaintiff's statutory civil rights as more fully described in the preceding paragraphs in violation of 42 U S C. Section 1983, for which Defendant Officers are individually liable.

## COUNT V – ASSAULT AND BATTERY

44  Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 43, inclusive.

45  The excessive force, the violence directed against plaintiff, the verbal abuse and the arrest of plaintiff by Defendant Officers, when plaintiff was unarmed, standing in an area where he had a full legal right to be, and did not pose any threat of death or grievous bodily injury to defendants or others, was without justification or provocation, was excessive, and constitutes assault and battery for which Defendant Officers are individually liable

46  As a proximate result of the assault and battery committed by Defendant Officers, plaintiff has sustained permanent injuries and has incurred actual expenses and other losses  These injuries have caused and will continue to cause pain and suffering to plaintiff

## COUNT VI – RESPONDEAT SUPERIOR LIABILITY

47  Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46, inclusive.

48  At all times relevant hereto, Defendant Officers were acting within the scope of their employment as officers or supervisors of Defendant King County Sheriff's Department, or Defendant King County Correctional Facility

49  Defendant King County is liable for compensatory damages for the wrongful acts committed by agents and employees of its agencies acting within the scope of their employment and duties, pursuant to the doctrine of respondeat superior.

## COUNT VII - NEGLIGENCE

50  Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 49, inclusive

51  Defendant Officers, while acting as agents and employees for Defendant King County in their capacity as law enforcement officers for Defendant King County Sheriff's Department or Defendant King County Correctional Facility, owed a duty to plaintiff to perform their law enforcement duties reasonably and without excessive and unwarranted use of force   Defendants' use of excessive force upon plaintiff, when plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to defendants or others constitutes negligence for which Defendant Officers are individually liable.

52  As a proximate result of defendants' negligent use of excessive force, plaintiff has sustained injuries and he has incurred expenses as a result of these injuries. These injuries have caused and continue to cause pain and suffering to plaintiff.

## COUNT VIII – FALSE ARREST, FALSE IMPRISONMENT, IMPAIRMENT OF PRIVACY RIGHTS

53. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 52, inclusive.

54. Defendant Officers falsely arrested and falsely imprisoned plaintiff, without reasonable probable cause that plaintiff had committed any crime that would lawfully subject plaintiff to arrest and imprisonment

55. As a proximate result of the false arrest and false imprisonment by Defendant Officers, plaintiff suffered damages as described previously, as well as suffering embarrassment and humiliation in his community and neighborhood at having been arrested in full view of fellow citizens and also suffering loss of privacy and security of his personal information, which now constitutes a part of criminal records and databases

WHEREFORE, plaintiff requests this Court to enter judgment against the defendants and in favor of plaintiff.

56. Judgment against the defendants, individually and collectively, as compensatory damages, in an amount to be determined, in excess of $100,000;

57. Judgment against the defendants, individually and collectively, as exemplary damages, an amount to be determined,

58. An order directing Defendant King County, Defendant King County Sheriff's Department, and Defendant King County Correctional Facility, to expunge any records of plaintiff's arrest and imprisonment and to clear from any and all databases and records any and all charges and all personal information relating

to plaintiff, including but not limited to home address and telephone number, fingerprints, 'mug shots' and federally issued social security number,

59  Costs of this action, including reasonable attorney fees to the plaintiff;

60  Such other and further relief as the Court may deem appropriate

SUBMITTED this 30 day of November 2001.

*/s/ James Mouritsen*
JAMES MOURITSEN
Attorney Pro Se

Plaintiff:
James Mouritsen
1535 Bellevue Av No 204
Seattle, Washington 98122
Telephone  206-624-6524

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial in this matter by a jury

SUBMITTED this 30 day of November 2001

*/s/ James Mouritsen*
JAMES MOURITSEN
Attorney Pro Se

12